# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00076-CV

## In re Collier Ranch, LP, A Texas Limited Partnership, and The Related Companies, LP, A New York Limited Partnership

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators filed a motion for emergency relief and a petition for writ of mandamus, complaining of the trial court's orders signed February 1, 2007, and February 5, 2007. *See* Tex. R. App. P. 52.8, 52.10. We granted relators' motion for emergency relief and stayed the trial court's orders pending our determination of this proceeding. Having reviewed the petition and the response filed by Travelers Insurance, the real party in interest, we vacate the trial court's orders pertaining to Anthony Battelle and Construction Law Services and remand the issue to the trial court for reconsideration of this matter.

After Travelers issued a deposition on written questions to Construction Law Services, seeking all file materials related to relators or to the project in question, relators filed a motion to quash. Relators asserted that Construction Law Services was the trade name under which Battelle, an attorney in Massachusetts, practiced, and that relators had hired Battelle "to provide legal services at the inception of the events giving rise to this litigation." Travelers responded, asserting that in an insurance claim submitted to Travelers, relators had described the work performed by

Battelle as "construction management," which Travelers argued established that he did not perform legal work for relators and, therefore, his records were discoverable. Travelers further argued that relators had not presented any evidence establishing the basis for their assertion of the attorney-client privilege and had not established that Battelle's records contained no discoverable facts or documents. Because relators had not described the nature of the documents asserted to be privileged, Travelers contended, relators' motion to quash should be denied. Relators responded, asserting that a former vice-president had hired Battelle in 1999 to provide legal services. Relators stated that Battelle primarily drafted contracts related to various projects and, in connection with the apartments in issue in this case, provided "services of a pre-litigation nature" when problems arose in late 2000. Relators attached as evidence Battelle's affidavit, in which he set out the same general timeline as the one described in relators' response, and deposition excerpts from various people involved in the apartment project, all of whom stated that Battelle was relators' attorney.

The trial court held a hearing on the issue on January 18, 2007, during which, when relators referred to Battelle's affidavit, the court stated, "Well, an affidavit would be hearsay to this proceeding, and if you're trying to establish a privilege he needs to be here or somebody needs to be here to testify." The court asked whether Battelle was present to testify and when relators replied that he was not present, the trial court said, "If we get to an evidentiary hearing and he [counsel for Travelers] objects that that's hearsay, you know, you have to have testimony to establish the privilege." Travelers objected to the deposition excerpts as well, arguing that the witnesses did not testify that they had direct personal knowledge of Battelle's employment arrangements and that relators had not produced any retention agreement or other evidence showing the scope of Battelle's engagement. The trial court sustained Travelers' objections to the evidence and granted Travelers'

2

motion to compel Battelle's deposition.[1]  In an order dated February 1, 2007, the trial court granted

Travelers' petition for a Letter Rogatory directing the appropriate authority to take Battelle's oral and

videotaped deposition.  In an order dated February 5, 2007, the trial court overruled relators'

objections based on attorney-client and work product privileges, sustained Travelers' objections to

Battelle's affidavit and to the deposition excerpts presented by relators, granted Travelers' motion

to compel the deposition on written questions of Construction Law Services, and granted Travelers'

oral motion to compel Battelle's deposition.

The trial court erred when it stated that Battelle's affidavit was inadmissible as

evidence in the hearing to decide whether the attorney-client privilege should apply.  When a claim

of privilege is raised, the party asserting the privilege must present evidence to support its claim, and

that evidence may be by affidavit or direct testimony.  Tex. R. Civ. P. 193.4(a); *see In re Living

Centers of Tex., Inc.*, 175 S.W.3d 253, 261 (Tex. 2005); *In re Nance*, 143 S.W.3d 506, 510 (Tex.

App.—Austin 2004, orig. proceeding).  Thus, in determining that Battelle's affidavit was

inadmissible hearsay on the issue of the existence of the privilege, the trial court erred.

Despite that erroneous ruling, it is not clear from the record that Battelle's testimony

and records are entirely protected by the privileges asserted by relators.  Travelers stated that relators

described Battelle's services as "construction management."  On this record, it is premature for this

Court to express any opinion as to whether a privilege applies to any or all of the materials sought

by Travelers.  However, the trial court erred in determining that Battelle's affidavit was inadmissible

to support a claim of privilege, and it appears that this determination played a significant role in the

---

[1]  Travelers did not file a written motion seeking the oral deposition of Battelle, but during the hearing, it made an oral motion to compel that deposition.

court's decision-making during the hearing. Thus, we conditionally grant relators' petition for extraordinary relief as it relates to the February 1 order, granting Travelers' request for a Letter Rogatory, and paragraphs 1, 2, 3, and 4 of the February 5 order, which pertain to the deposition of and production of documents by Battelle and Construction Law Services and the admissibility of the evidence presented by relators at the hearing. We remand the matter to the trial court for reconsideration of this issue. Writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed: March 8, 2007

4